UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE:  HON. GARY S. KATZMANN, JUDGE

_____
                                                          :
ROOT SCIENCES, LLC,                          :
                                                          :
                              Plaintiff,          :                    Court No. 21-00123
                                                          :
                    v.                                  :
                                                          :
UNITED STATES,                                  :
                                                          :
                              Defendant.      :
_____:


## **ORDER**

Upon reading defendant's motion to dismiss, plaintiff's response thereto; and upon

consideration of other papers and proceedings had herein, it is hereby

**ORDERED** that defendant's motion be, and hereby is granted, and it is further

**ORDERED** that this action is dismissed.


                                                    _____
                                                    GARY S. KATZMANN, JUDGE

Dated: _____, 2021
         New York, New York

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE:  HON. GARY S. KATZMANN, JUDGE

| | : | |
|---|---|---|
| ROOT SCIENCES, LLC, | : | |
| | : | |
| Plaintiff, | : | Court No. 21-00123 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |
| | : | |

### **DEFENDANT'S MOTION TO DISMISS**

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of International Trade, defendant, the United States, respectfully requests that the Court dismiss this action for lack of subject matter jurisdiction and/or for failure to state a claim upon which relief can be granted.  The reasons for our motion are set forth in the accompanying memorandum of law.

WHEREFORE, defendant respectfully requests that an order be entered granting defendant's motion to dismiss, dismissing this action, and granting defendant such other and further relief as may be just and appropriate.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

JUSTIN R. MILLER
Attorney in Charge
International Trade Field Office

/s/ Aimee Lee
AIMEE LEE
Assistant Director

/s/ Guy R. Eddon
GUY R. EDDON
Trial Attorney
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza, Room 346
New York, New York 10278
(212) 264-9232 or 9230
*Attorneys for Defendant*

Of Counsel:
Mathias Rabinovitch
Alexandra Khrebtukova
Office of the Assistant Chief Counsel
International Trade Litigation
U.S. Customs and Border Protection

Dated:  April 23, 2021

**TABLE OF CONTENTS**

BACKGROUND AND FACTS ................................................................................... 1

ARGUMENT ......................................................................................................... 6

I.      STANDARD OF REVIEW ........................................................................... 6

II.     THE COURT LACKS SUBJECT MATTER JURISDICTION ....................................... 8

        A.  The Court Lacks Jurisdiction Because Customs Timely Seized The Merchandise
            And Seizures Are Not Protestable ................................................................. 9

        B.  Customs Did Not Exclude The Entry And The Entry Was Not Deemed Excluded
            By Operation Of Law Because It Was Seized ......................................................... 11

III.    ROOT SCIENCES FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE
        GRANTED .......................................................................................... 17

CONCLUSION ..................................................................................................... 19

# TABLE OF AUTHORITIES

**Cases**

3V, Inc. v. United States,
23 CIT 1047, 83 F. Supp. 2d 1351 (1999) ............................................................... 17

Adkins v. United States,
68 F.3d 1317 (Fed. Cir. 1995) ................................................................................ 17

Ashcroft v. Iqbal,
556 U.S. 662, 129 S. Ct. 1937 (2009) ................................................................. 7, 8

Autoalliance Int'l, Inc. v. United States,
29 CIT 1082, 398 F. Supp. 2d 1326 (2005) ............................................................ 2

Baker v. Carr,
369 U.S. 186 (1962) ............................................................................................. 17

Bell Atlantic Corp. v. Twombly,
550 U.S. 544 (2007) ........................................................................................... 7, 8

Blink Design, Inc. v. United States,
986 F. Supp. 2d 1348 (Ct. Int'l Trade 2014) .............................................. 7, 13, 15

CBB Group, Inc. v. United States,
783 F. Supp. 2d 1248 (Ct. Int'l Trade 2011) ..................................................... 16, 17

CDCOM (U.S.A.) Int'l, Inc. v. United States,
21 CIT 435, 963 F. Supp. 1214 (1997) ................................................................. 14

Cedars-Sinai Med. Ctr. v. Watkins,
11 F.3d 1573 (Fed. Cir. 1993) ................................................................................ 7

CR Indus. v. United States,
10 CIT 561 (1986) ................................................................................................. 6

H & H Wholesale Serv., Inc. v. United States,
30 CIT 689, 437 F. Supp. 2d 1335 (2006) ..................................................... passim

Indus. Chems., Inc. v. United States,
941 F.3d 1368 (Fed. Cir. 2019) .............................................................................. 8

Int'l Maven, Inc. v. McCauley,
12 CIT 55, 678 F. Supp. 300 (1988) ..................................................................... 14

JCM Ltd. v. United States,
210 F.3d 1357 (Fed. Cir. 2000) .............................................................................. 6

ii

Murphy v. United States,
    993 F.2d 871 (Fed. Cir. 1993) .................................................................................. 17

Ovan Int'l, Ltd. v. United States,
    49 F. Supp. 3d 1327 (Ct. Int'l Trade 2015) ............................................................... 8

Pentax Corp. v. Robinson,
    125 F.3d 1457 (Fed. Cir. 1997), modified, in part, 135 F.3d 760 (Fed. Cir. 1998) .................. 7

PRP Trading Corp. v. United States,
    885 F. Supp. 2d 1312 (Ct. Int'l Trade 2012) ...................................................... 16, 17

Steel Co. v. Citizens For A Better Environment,
    523 U.S. 83 (1998) ................................................................................................... 6

Tempco Mktg. v. United States,
    21 CIT 191, 957 F. Supp. 1276 (1997) ............................................................... 13, 14

United Pac. Ins. Co. v. United States,
    464 F.3d 1325 (Fed. Cir. 2006) ................................................................................ 7

Wally Packaging, Inc. v. United States,
    578 F. Supp. 1408 (Ct. Int'l Trade 1984) .................................................................. 7

**Statutes**

19 U.S.C. § 1499(c)(5) ...................................................................................................... 11

19 U.S.C. § 1499(c)(5)(A) ........................................................................................... passim

19 U.S.C. § 1499(c)(5)(B) ......................................................................................... 10, 15

19 U.S.C. § 1514(a) ........................................................................................................... 8

19 U.S.C § 1514(a)(4) ........................................................................................... 9, 10, 12

19 U.S.C. § 1595a(c) ..................................................................................................... 4, 9

19 U.S.C. § 1595a(c)(2)(A) .......................................................................................... 3, 5, 9

19 U.S.C. § 1608 ....................................................................................................... 15, 18

19 U.S.C. § 1618 ....................................................................................................... 15, 18

21 U.S.C. § 843(a) ............................................................................................................. 4

21 U.S.C. § 863(a)(3) ...................................................................................................... 3, 9

21 U.S.C. § 863 .......................................................................................................... 5

21 U.S.C. § 863(c) ..................................................................................................... 4

21 U.S.C. § 881(a)(2) ................................................................................................ 4

28 U.S.C. § 1356 ............................................................................................... passim

28 U.S.C. § 1581(a) .......................................................................................... passim

28 U.S.C. § 1582 ...................................................................................................... 14

**Regulations**

19 C.F.R. § 141.68(e) ............................................................................................... 2

19 C.F.R. § 151.16(b) ............................................................................................. 13

19 C.F.R. § 162.23 .................................................................................................... 9

19 C.F.R. § 162.47 ............................................................................................. 15, 18

19 C.F.R. § 171.1 ............................................................................................... 15, 18

**Rules**

USCIT Rule 12(b)(1).......................................................................................... 1, 6, 7

USCIT Rule 12(b)(6).................................................................................................. 1

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE:  HON. GARY S. KATZMANN, JUDGE

| | | |
|---|---|---|
| _____ | : | |
| ROOT SCIENCES, LLC, | : | |
| | : | |
| Plaintiff, | : | Court No. 21-00123 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

## **MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Defendant, United States (the Government), submits this memorandum in support of its motion, pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of International Trade, to dismiss this action for lack of subject matter jurisdiction and/or for failure to state a claim upon which relief can be granted.

Plaintiff, Root Sciences, LLC (Root Sciences), commenced this action to challenge an alleged deemed exclusion of one entry of drug paraphernalia imported through the Port of Los Angeles/Long Beach.  The merchandise at issue consists of a "hopper feed vessel" of the CryoEXS400, an apparatus "designed for the recovery of cannabis crude extract from cannabis biomass."  Compl. ¶¶ 6-7.  Because the subject merchandise was seized before any deemed exclusion could attach, the Court lacks 28 U.S.C. § 1581(a) jurisdiction over this action.  Alternately, the complaint is subject to dismissal because it fails to state a claim upon which this Court can grant relief.

## **BACKGROUND AND FACTS**

On December 15, 2020, Root Sciences' Customs broker electronically filed an Entry Summary, using the electronic equivalent of U.S. Customs and Border Protection

(Customs or CBP) Form 7501, for Entry Number F23-9253382-4.[1]  CBP Form 7501,

*Entry Summary* (ECF no. 13-1 at 22); Jarrell Decl. ¶ 9.[2]

On December 16, 2020, CBP selected the subject merchandise, covered by Entry

Number F23-9253382-4, for cargo examination.  Jarrell Decl. ¶ 9.

On December 31, 2020, the vessel transporting the subject merchandise arrived at

the Los Angeles/Long Beach Seaport.  Jarrell Decl. ¶ 9.

On or about January 7, 2021, Root Sciences' customs broker, T.H. Weiss, Inc.

(Weiss), identified a warehouse to present the subject merchandise for CBP's

examination.  Jarrell Decl. ¶ 9.

On January 11, 2021, the subject merchandise was presented for CBP's

examination at the warehouse selected by Weiss.  Jarrell Decl. ¶¶ 9-10.  On that same

date, the subject merchandise was examined by CBP and flagged as possible drug

paraphernalia.  *Id.* ¶¶ 11, 13.  Root Sciences incorrectly claims that the merchandise "was

presented to CBP for examination on or around December 18, 2020," and fails to cite any

evidence for this alleged date of presentation for CBP examination.  Because

December 18, 2020, is prior even to the arrival of the merchandise within the port limits,

---

[1]  While the "Entry Date" on the CBP Form 7501, as well as the summons in this case, is incorrectly identified as December 18, 2020, the CBP Form 7501 was signed by Root Sciences and dated December 15, 2020.  However, because the vessel transporting the subject merchandise did not arrive at the port of Los Angeles until December 31, 2020, *see* Jarrell Decl. ¶ 9, the true entry date can be neither December 15, 2020, nor the "entry date" input by the importer's broker (and listed on the summons in this case), December 18, 2020.  *See* 19 C.F.R. § 141.68(e) (entry not "considered filed or presented, until the merchandise has arrived within the port limits with the intent to unlade").

[2]  The Government supports its recitation of the facts with citations to documents, which are provided to the Court as exhibits to this motion.  Although these documents are extraneous to the complaint, a court can review evidence outside of the pleadings to determine facts necessary to rule on jurisdiction.  *See, e.g., Autoalliance Int'l, Inc. v. United States*, 29 CIT 1082, 1089, 398 F. Supp. 2d 1326, 1332 (2005).

the merchandise could not have been presented for CBP's examination on that date.  ECF no. 14-3 at 2 (¶ 3); *see also* the similarly worded attorney declaration, ECF no. 14-3 at 7 (¶ 3).  Rather, the merchandise is presented for CBP's examination when it is fully unloaded and counted at a CBP Centralized Examination Station (CES), and CBP is advised by the warehouse that the merchandise is ready for examination.  Jarrell Decl. ¶¶ 3-4.  Here, these steps were concluded, and CBP received the documentation for the subject merchandise on January 11, 2021.  Jarrell Decl. ¶¶ 10-11, and Exh. 1.

On January 12, 2021, Root Sciences' broker filed with CBP the entry summary package, including the commercial invoice, for Entry Number F23-9253382-4.  Jarrell Decl. ¶ 12.

On January 13, 2021, CBP issued a notice of detention to the broker noting the "Reason for Detention" as "possible drug paraphernalia."  ECF no. 13-1, Exh. A; *see also*, Jarrell Decl. ¶ 13.

On or about January 15, 2021, CBP determined that sufficient probable cause existed to believe that the importation was in violation of 21 U.S.C. § 863(a)(3), and therefore subject to seizure and forfeiture pursuant to 19 U.S.C. § 1595a(c)(2)(A).  Jarrell Decl. ¶ 14.

On or about January 18, 2021, the Los Angeles/Long Beach Seaport forwarded the inventory and entry documents to the import specialists at CBP's Machinery Center of Excellence and Expertise (Machinery Center) for a determination of admissibility and appraisal.  Jarrell Decl. ¶ 15.

On or about January 25, 2021, the assigned Import Specialist determined that the "cannabis crude oil extraction device, Model Cryoexs 400, is to be seized under the

authority of 19 U.S.C. § 1595a(c) for violations of 21 U.S.C. § 843(a), 21 U.S.C. § 863(c), and subject to forfeiture under 21 U.S.C. § 881(a)(2)."  Jarrell Decl. ¶ 16.

On February 4, 2021, Root Sciences' broker filed with CBP the packing list for Entry Number F23-9253382-4.  Jarrell Decl. ¶ 17.

On February 10, 2021, upon the appropriate Supervisory CBP Officer's review of all relevant materials and approval in CBP's seizure tracking system, CBP seized the subject merchandise and updated its system of record to reflect the date of seizure on February 10, 2021.  Jarrell Decl. ¶¶ 18-19.

On February 11, 2021, CBP's official system of record was further updated to release the "hold" on the subject merchandise and reflect that the merchandise had been seized.  Jarrell Decl. ¶ 20.  Also on February 11, 2021, the Los Angeles/Long Beach Seaport sent the seizure documents to CBP's office of Fines, Penalties, and Forfeitures (FP&F) in Long Beach, and forwarded the consignment order for the seized machine to be transferred to the CBP long-term storage facility for seized merchandise.  Jarrell Decl. ¶ 20.

On February 12, 2021, FP&F in Long Beach received the seizure documents.  Baxley Decl. ¶ 3.

On or about February 17, 2021, the merchandise was transferred from the port warehouse to CBP's long-term seizure storage facility for seized merchandise.  Jarrell Decl. ¶ 20.  Also on this date, the seizure documents were transferred to the FP&F CBP technician department.  Baxley Decl. ¶ 4.  The seizure documents were placed in a file and forwarded to a supervisor.  *Id.*

On February 18, 2021, the importer filed a protest.  Summons, ECF no. 1.

On February 23, 2021, FP&F in Long Beach began its review of the seizure documents for completeness, in accordance with CBP's policy.  Baxley Decl. ¶ 4.

On March 8, 2021, having completed its review to confirm that all seizure documents were properly included in the file submitted by the port to FP&F, CBP sent notice of the seizure by United States Postal Service (USPS) certified mail to Root Sciences, at 151 NE State Route 300, Suite A, Belfair, WA 98528, the address on file with CBP for this importer of record and the address listed by its broker on the entry filing.  Baxley Decl. ¶ 5; *cf.* CBP Form 7501, *Entry Summary* (ECF no. 13-1 at 22).  The notice was mailed to the mailing address provided in the entry documents—the same address listed on the CEO's declaration here.  ECF no. 14-3 at 2, ¶ 2.  The notice bore USPS tracking number 70142870000151883368.  Baxley Decl. ¶ 5.  The notice was sent "to notify [Root Sciences] that [CBP] seized the property described below [*i.e.*, the subject merchandise] at Los Angeles/Long Beach Seaport on 02/10/2021."  *Notice of Seizure*, Baxley Decl. Exh. 1.  The seizure notice clearly explains that Customs made an admissibility determination, specifically stating that "the article was determined to be drug paraphernalia and federal law prohibits the importation of such items."  *Id.*  The notice further explains that the "property was seized and is subject to forfeiture pursuant to Title 19, United States Code, Section 1595a(c)(2)(A) for violation of Title 21, United States Code, Section 863."  *Id.*

On March 11, 2021, USPS attempted to deliver the seizure notice but was unsuccessful.  *USPS Tracking*, Baxley Decl. Exh. 3.

On March 22, 2021, the seizure notice was returned to CBP as undeliverable.  Baxley Decl. ¶ 6.  On the mailing envelope, USPS affixed a yellow label that reads

"Return to Sender; No Mail Receptacle; Unable to Forward." *Id.*  According to the USPS online tracking history there was "no such number."  Baxley Decl. Exh. 3.  Also on that date, Root Sciences filed its summons in this case.  ECF no. 1.

On March 23, 2021, CBP's Machinery Center changed the protest record to reflect the Machinery Center's inaccurate belief that the protest was deemed denied by operation of law on March 20, 2021.  ECF no. 14-3 at 30.  As a result, Root Sciences received an automated email message from <u>acenotifyservice@cbp.dhs.gov</u> informing it that its protest had been "[d]eemed denied by operation of law 30 days from filing." *Id.*

On March 24, 2021, CBP re-sent a courtesy copy of the March 8, 2021 seizure notice by regular mail.  Baxley Decl. ¶ 7.  Also on this date, undersigned government counsel learned of the seizure and forwarded a copy of the seizure notice to Root Sciences' counsel.

On April 2, 2021, USPS returned CBP's March 24, 2021 attempted re-mailing of the March 8, 2021 seizure notice as undeliverable.  Baxley Decl. ¶ 7.

## ARGUMENT

### I.      STANDARD OF REVIEW

The Court's determination of its subject matter jurisdiction is a threshold inquiry. *Steel Co. v. Citizens For A Better Environment*, 523 U.S. 83, 94-95 (1998); *CR Indus. v. United States*, 10 CIT 561, 562 (1986) ("It is fundamental that the existence of a jurisdictional predicate is a threshold inquiry in which plaintiff bears the burden of proof.").   Whether to grant a motion to dismiss for lack of jurisdiction is a question of law. *JCM, Ltd. v. United States*, 210 F.3d 1357, 1359 (Fed. Cir. 2000).  Where jurisdiction is challenged pursuant to Rule 12(b)(1), the burden rests on the plaintiff to

establish the basis for jurisdiction.  *Pentax Corp. v. Robison*, 125 F.3d 1457, 1462 (Fed. Cir. 1997), *modified, in part*, 135 F.3d 760 (Fed. Cir. 1998); *see also Wally Packaging, Inc. v. United States*, 7 CIT 19, 20, 578 F. Supp. 1408, 1410 (1984) (noting that "[w]hen the Court's jurisdiction is challenged, the party asserting jurisdiction has the burden of establishing that jurisdiction exists").

If a Rule 12(b)(1) motion controverts factual allegations in the complaint, the allegations in the complaint are not controlling and are subject to factfinding by the Court.  *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583-84 (Fed. Cir. 1993); *Blink Design, Inc. v. United States,* 986 F. Supp. 2d 1348, 1352 (Ct. Int'l Trade 2014); *H & H Wholesale Servs., Inc. v. United States*, 30 CIT 689, 691-92, 437 F. Supp. 2d 1335, 1339 (2006).  In these circumstances, as part of the motion, the Court is permitted to "review evidence outside the pleadings to determine facts necessary to rule on the jurisdictional issue."  *H & H Wholesale*, 30 CIT at 692, 437 F. Supp. 2d at 1340 (citations and quotations omitted).  Accordingly, the Court is permitted to review the documents attached to this motion for purposes of assessing jurisdiction, which demonstrate that Customs seized the entry within thirty days of the merchandise being presented for examination and there was no exclusion by operation of law.

A motion to dismiss for failure to state a claim is appropriate when a plaintiff's allegations do not entitle it to a remedy.  *See United Pac. Ins. Co. v. United States*, 464 F.3d 1325, 1327 (Fed. Cir. 2006).  To survive a motion to dismiss for failure to state a claim upon which relief can granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (*Iqbal*) (*quoting Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007) (*Twombly*)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (*citing Twombly*, 550 U.S. at 556).  Root Sciences specifically seeks a determination of admissibility and the entry of the merchandise, relief that cannot be granted because CBP made an admissibility determination and seized the merchandise.

## II.    THE COURT LACKS SUBJECT MATTER JURISDICTION

Root Sciences asserts jurisdiction under 28 U.S.C. § 1581(a), *see* Compl. ¶ 2, which grants the Court exclusive jurisdiction over "any civil action commenced to contest the denial of a protest, in whole or in part, under section 515 of the Tariff Act of 1930."  28 U.S.C. § 1581(a); *see also, Ovan Int'l, Ltd. v. United States*, 49 F. Supp. 3d 1327, 1331 (Ct. Int'l Trade 2015) (The Court's jurisdiction "is limited to appeals of valid and timely protests that have been denied by Customs.").  As explained below, Root Sciences has not challenged the denial of a valid protest because its merchandise was timely seized by CBP, which is not a protestable decision.  *See* 19 U.S.C. § 1514(a); *Indus. Chems., Inc. v. United States*, 941 F.3d 1368, 1372 (Fed. Cir. 2019) (explaining that Customs' decision "was not a 'protestable decision' under 19 U.S.C. § 1514(a)," and, therefore, "the CIT did not err in finding [plaintiff's] Protest invalid.").  "It is well established" that the U.S. Court of International Trade (CIT) "lacks jurisdiction under § 1581(a) to review a seizure of goods by Customs."  *H & H Wholesale*, 30 CIT at 692, 437 F. Supp. 2d at 1340.  Pursuant to 28 U.S.C. § 1356, jurisdiction over seized merchandise lies with the district court.  Accordingly, Root Sciences cannot satisfy the requirements for subject matter jurisdiction in this Court.

**A.      The Court Lacks Jurisdiction Because Customs Timely Seized The Merchandise And Seizures Are Not Protestable**

Root Sciences commenced this action to challenge what it alleges was a denial, by operation of law, of a protest contesting an alleged deemed exclusion of its drug paraphernalia.  Compl. ¶¶ 6, 12, 15 (explaining that the subject merchandise is part of a "system designed for the recovery of cannabis crude extract from cannabis biomass" and that "the Subject Merchandise is used in the hemp and cannabis industry[.]").

A deemed exclusion occurs when CBP does not "make a final determination with respect to the admissibility of [the] detained merchandise within 30 days after the merchandise has been presented for customs examination," then CBP's inaction is "treated as a decision of [CBP] to exclude the merchandise for purposes of section 1514(a)(4) of this title." *See* 19 U.S.C. § 1499(c)(5)(A).  However, as discussed in detail below, before any deemed exclusion could occur, CBP seized the merchandise as drug paraphernalia pursuant to 19 U.S.C. § 1595a(c)(2)(A).  *Notice of Seizure*, Baxley Decl. Exh. 1.  Section 1595a(c)(2)(A) provides, in relevant part:

> (c)  Merchandise introduced contrary to law
>> Merchandise which is introduced or attempted to be introduced into the United States contrary to law shall be treated as follows:
>>> * * *
>> (2)  The merchandise may be seized and forfeited if–
>>> (A)  its importation or entry is subject to any restriction or prohibition which is imposed by law relating to health, safety, or conservation and the merchandise is not in compliance with the applicable rule, regulation, or statute;

19 U.S.C. § 1595a(c); *see also*, 19 C.F.R. § 162.23.  The importation or entry of drug paraphernalia is prohibited by 21 U.S.C. § 863(a)(3), which is a statute relating to health and safety.  Accordingly, there was no protestable event, and jurisdiction lies in a federal

district court rather than the CIT.  28 U.S.C. § 1356.  Therefore, this action should be dismissed for want of section 1581(a) jurisdiction.

While a deemed exclusion would constitute a protestable event, and the denial of a protest relating to a deemed exclusion may be challenged in this Court pursuant to § 1581(a), 19 U.S.C § 1514(a)(4); *see H & H Wholesale*, 30 CIT at 693-94, 437 F. Supp. 2d at 1341, here Customs seized the merchandise within thirty days following the date the merchandise was presented for examination.  Jarrell Decl. ¶¶ 10-19.  Thus, there was no deemed exclusion that could form the basis for a valid protest.  "[A]n exclusion must take place before a plaintiff may protest it.  If only a seizure took place, the court has no jurisdiction."  *H & H Wholesale*, 30 CIT at 692-93, 437 F. Supp. 2d at 1340.

Root Sciences nevertheless filed an administrative protest on February 18, 2021. On March 22, 2021, Root Sciences commenced this action to challenge what it appears to have viewed as the denial of its protest by operation of law.[3]  However, because there was no decision to exclude, and no deemed exclusion, the conditions for a deemed protest denial under 19 U.S.C. § 1499(c)(5)(B) are also not met.[4]  Accordingly, the protest was not deemed denied by operation of law.

---

[3]  While CBP updated the ACE record for this protest on March 20, 2021, to indicate that the protest had been deemed denied by operation of law on the thirtieth day after the day on which the protest was filed, the protest was not in fact denied by operation of law.  Because there was no deemed exclusion, and hence no protestable decision, there was no deemed denial of a protest either.  In any event, Root Sciences filed its summons on March 22, 2021, before it received CBP's auto-generated notice on March 23, 2021, which incorrectly notified Root Sciences that its protest had been deemed denied by operation of law on March 20, 2021.

[4]  *See* 19 U.S.C. § 1499(c)(5)(B) ("For purposes of section 1581 of Title 28, a protest against *the decision to exclude* the merchandise which has not been allowed or denied in whole or in part before the 30th day after the day on which the protest was filed shall be treated as having been denied on such 30th day.") (emphasis added).  Thus, a prerequisite for the operation of law to deny a protest against an exclusion under 19 U.S.C. § 1499(c)(5)(B) is that CBP must either make an affirmative decision to exclude,

Root Sciences alleges that its goods are not prohibited or restricted from entry, and therefore that there were no lawful grounds for the alleged exclusion and, thus, that its subject merchandise should be determined by this Court to be admissible.  Compl. ¶¶ 15, 37.  Ultimately, Root Sciences asks the Court to find the alleged deemed exclusion of its merchandise unlawful, and seeks the return of its goods by their entry into the United States.  Compl., Prayer for Relief.

As established below, however, while a deemed exclusion is a protestable event that may be subject to the Court's jurisdiction pursuant to § 1581(a), here Customs seized the merchandise prior to the expiration of the thirty-day period, such that the merchandise was never deemed excluded.  As such, Root Sciences can only challenge the seizure in federal district court.  28 U.S.C. § 1356.  Because this Court lacks jurisdiction over the seizure and cannot provide Root Sciences with any relief, and because there is no deemed denial of a valid protest to trigger the Court's jurisdiction under Section 1581(a), the complaint must be dismissed.

**B.    Customs Did Not Exclude The Entry And The Entry Was Not Deemed Excluded By Operation Of Law Because It Was Seized**

Root Sciences commenced the present action pursuant to 28 U.S.C. § 1581(a) based on the theory that its entry was deemed excluded.  Compl. ¶ 12.  In pertinent part, 19 U.S.C. § 1499(c)(5) states:

---

or else must fail to make a final determination with respect to the admissibility of the detained merchandise within thirty days after the merchandise has been presented for customs examination.  And here neither condition is met, because CBP neither decided to exclude the merchandise nor failed to make a final determination with respect to the admissibility of the detained merchandise within thirty days after the merchandise had been presented for customs examination.  Rather, CBP determined that the merchandise is prohibited, and seized it within thirty days after the merchandise was presented for customs examination.

> (A) The failure by the Customs Service to make a final determination with respect to the admissibility of detained merchandise within 30 days after the merchandise has been presented for customs examination, or such longer period if specifically authorized by law, shall be treated as a decision of the Customs Service to exclude the merchandise for purposes of section 1514(a)(4) of this title.

Accordingly, the starting point for determining, in the first instance, whether any deemed exclusion occurred is the date on which the "merchandise has been presented for customs examination." 19 U.S.C. § 1499(c)(5)(A). In alleging that its entry was deemed excluded, Root Sciences alleges, without citation to any evidence, that the merchandise was "presented to CBP for examination on or around December 18, 2020." Compl. ¶ 6. In fact, the merchandise did not arrive in the United States until December 31, 2020, and was not was presented to CBP for examination until January 11, 2021, when the merchandise was made available for inspection at the warehouse CES that Root Sciences' broker had selected. Jarrell Decl. ¶¶ 9, 10.

Though the statute provides no guidance as to what is meant by the phrase "merchandise has been presented for customs examination," Customs' regulations provide a detailed explanation. Specifically, 19 C.F.R. § 151.16(b) states:

> (b) Decision to detain or release. Within the 5-day period (excluding weekends and holidays) following the date on which merchandise is presented for Customs examination, Customs shall decide whether to release or detain merchandise. Merchandise which is not released within such 5-day period shall be considered to be detained merchandise. ***For purposes of this section, merchandise shall be considered to be presented for Customs examination when it is in a condition to be viewed and examined by a Customs officer. Mere presentation to the examining officer of a cargo van, container or instrument of international traffic in which the merchandise to be examined is contained will not be considered to be presentation of merchandise for Customs examination for***

12

> ***purposes of this section.***  Except when merchandise is
> examined at the public stores, the importer shall pay all
> costs relating to the preparation and transportation of
> merchandise for examination.

19 C.F.R. § 151.16(b) (emphasis added).  As such, merchandise is "presented for

examination" when it is in a condition to be examined by a Customs official.

When, as here, Customs wishes to examine merchandise, the importer or broker

must arrange for the merchandise be delivered to a Container Examination Station (CES)

where the examination will occur.  Jarrell Decl. ¶ 2.  Prior to that time, merchandise

remains in the possession of the carrier.  Consistent with Customs regulations and case

law, the date on which merchandise is presented for examination is the date that the last

covered container is delivered to the CES, its contents have been unloaded by the private

contractor, and Customs has received the relevant documents that it needs to perform the

examination.  19 C.F.R. § 151.16(b); *Blink Design*, 986 F. Supp. 2d at 1355-56.  Only at

that point has the merchandise been "presented for Customs examination" because it is

"in a condition to be viewed and examined by a Customs officer."  19 C.F.R. 151.16(b).

In this case, the CES is operated by a private contractor, Price Transfer, Inc.

(Price Transfer).  Jarrell Decl. ¶ 3.  On the morning of January 11, 2021, the merchandise

at issue was devanned, counted, and presented for examination by Price Transfer.  *Id.*

¶ 10.  Thus, the thirty-day period during which Customs could seize the merchandise

began on January 11, 2021, and the merchandise was seized, on February 10, 2021,

within that thirty-day period.  Therefore, the merchandise was not deemed excluded and

thus no protestable event was triggered that could give rise to jurisdiction under 28

U.S.C. § 1581(a).  *See Tempco Mktg. v. United States*, 21 CIT 191, 194, 957 F. Supp.

1276, 1279 (1997) ("Since the seizure occurred within thirty days of the presentation for

examination, the merchandise was never deemed excluded pursuant to 19 U.S.C.

§ 1499(c)(5)(A)," and, accordingly, "the protest can only be construed as a protest of the

seizure."); *see also H & H Wholesale*, 30 CIT at 692-93, 437 F. Supp. 2d at 1340 ("[A]n

exclusion must take place before a plaintiff may protest it.  If only a seizure took place,

the court has no jurisdiction.").  Thus, this Court lacks jurisdiction over the entry.

It is well settled that jurisdiction over seizures lies in a federal district court.  28

U.S.C. § 1356; *see also H & H Wholesale*, 30 CIT at 692, 437 F. Supp. 2d at 1340;

*CDCOM (U.S.A.) Int'l, Inc. v. United States*, 21 CIT 435, 438, 963 F. Supp. 1214, 1217

(1997); *Int'l Maven, Inc. v. McCauley*, 12 CIT 55, 57-58, 678 F. Supp. 300, 302 (1988).

Specifically, section 1356 provides:

> The district courts shall have original jurisdiction, exclusive
> of the courts of the States, of any seizure under any law of
> the United States on land or upon waters not within
> admiralty and maritime jurisdiction, except matters within
> the jurisdiction of the Court of International Trade under
> section 1582 of this title.[5]

Root Sciences is not without a remedy.  To obtain relief from the seizure, Root

Sciences may elect to have an action commenced in the district court pursuant to 28

U.S.C. § 1356.[6]

In a seizure, the Government takes control over the goods,[7] and numerous

statutory and regulatory procedures must be undertaken in order to obtain the release of

---

[5]  28 U.S.C. § 1582 relates to civil actions commenced by the United States and is therefore inapplicable here.

[6]  On April 21, 2021, Root Sciences requested, and CBP agreed, to extend the deadlines in the seizure notice until seven days after this Court decides the jurisdictional issue presented by this motion.

[7]  Root Sciences' merchandise is currently located in a contract storage facility in Riverside, California under Customs' control.  Jarrell Decl. ¶ 20.

the seized goods.[8]  *H & H Wholesale*, 30 CIT at 692, 437 F. Supp. 2d at 1340.  Thus, for

Root Sciences to obtain relief for the seizure of its merchandise, it can file a petition

pursuant to 19 U.S.C. § 1618 and 19 C.F.R. § 171.1, seeking the return of any non-

violating merchandise administratively, or it may elect, pursuant to 19 U.S.C. § 1608 and

19 C.F.R. § 162.47, to have Customs refer the matter to the U.S. Attorney's Office in the

district in which the seizure was made to commence a judicial forfeiture action in the

district court, which has jurisdiction pursuant to 28 U.S.C. § 1356.

      Finally, because this Court does not have jurisdiction over seizures, it cannot

order the return of seized goods and, as such, this case must also be dismissed for failure

to state a claim for which relief can be granted.  Because the merchandise was timely

seized and transferred to CBP's long-term storage facility for seized merchandise, there is

no exclusion (nor deemed exclusion) to protest, no valid protest to deny, and no deemed

denial of a protest for jurisdiction under Section 1581(a).  Accordingly, the complaint

must be dismissed for lack of jurisdiction.

      Judicial precedent further establishes that this matter should be dismissed.  In

*Blink Design*, the "seizures occurred prior to Plaintiff's effort to invoke this court's

jurisdiction pursuant to § 1581(a) and, in the case of five of the eight entries, they

occurred prior to the denial of Plaintiff's protests regarding the deemed exclusions of the

merchandise, pursuant to 19 U.S.C. § 1499(c)(5)(A) and (B)."  *Blink Design*, 986 F.

Supp. 2d at 1359.  The facts of the seizure here are even more clear cut than in *Blink*

*Design*, because the seizure not only occurred prior to Root Sciences' effort to invoke

this court's jurisdiction pursuant to § 1581(a), but the facts set forth in the Jarrell

---

    [8]  *See* Notice of Seizure, Baxley Decl. at Exh. 1, at 2-4 (explaining the available options).

Declaration also demonstrate that the determination to seize was made prior to the
expiration of the thirty-day period after the merchandise was presented for customs
examination.

Further, this Court's decision in *CBB Group, Inc. v. United States*, 35 CIT 743,
783 F. Supp. 2d 1248 (2011) is inapposite.  In *CBB Group,* this Court found that it
possessed section 1581(a) jurisdiction over merchandise that had been seized.  However,
the merchandise in *CBB* was seized **on the same day as** the commencement of the court
action, and the seizure notices were issued three weeks later.  *Id.* at 35 CIT at 744, 747,
783 F. Supp. 2d at 1249-50, 1252.  The *CBB* Court held that the court's jurisdiction
attached the day the summons was filed, and the seizure made that same day, and the
subsequent seizure notices, could not divest the court of jurisdiction.  In other words,
because the goods were not seized before the summons was filed, the Court's jurisdiction
attached upon filing of the summons.  *See id.* at 1254.  Specifically, the Court held in
relevant part, as follows:

> A determination of admissibility that the agency reaches
> **after the jurisdiction of the Court of International
> Trade has attached to a plaintiff's cause of action
> contesting a deemed exclusion** cannot be binding on this
> Court, for otherwise the agency's determination would be
> permitted to usurp the Court's judicial power and prevent
> the Court from fulfilling its judicial responsibility.

*Id.* at 35 CIT at 749, 783 F. Supp. 2d at 1254 (emphasis added).

However, the rationale of *CBB Group* simply does not apply to cases where
merchandise is seized prior to commencement of a court action and within thirty days
after the merchandise is presented for customs examination.  In fact, in *PRP Trading
Corp. v. United States*, this Court recognized the difference and specifically distinguished
*CBB Group* from cases where seizure occurs prior to the commencement of the court

action, stating that "the timing of the seizure, before commencement of Plaintiff's action, makes the jurisdictional analysis of *CBB Group* inapposite to this case." *PRP Trading Corp. v. United States*, 36 CIT 1354, 1357, 885 F. Supp. 2d 1312, 1314 (2012).  Thus, because Customs seized Root Sciences' merchandise before the filing of this court action, the present case is distinguishable from *CBB Group*, and this Court's jurisdiction did not attach prior to the seizure.  As such, this case must be dismissed.

## III.   ROOT SCIENCES FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

This action is also subject to dismissal for failure to state a claim upon which relief can be granted because this Court cannot grant Root Sciences any meaningful relief, thus rendering Root Sciences' claims non-justiciable.  "Even where a court possesses jurisdiction to hear a claim, it may not do so in cases where the claim presents a nonjusticiable controversy-*i.e.,* the claim is such that the court lacks 'ability to supply relief.'"  *Adkins v. United States*, 68 F.3d 1317, 1322 (Fed. Cir. 1995) (quoting *Murphy v. United States*, 993 F.2d 871, 872 (Fed. Cir. 1993)).  "A court is said to have such ability when 'the duty asserted can be judicially identified and its breach judicially determined, and . . . protection for the right can be judicially molded.'"  *Adkins*, 68 F.3d at 1322 (quoting *Baker v. Carr*, 369 U.S. 186, 198 (1962)).  "If a claim fails the Article III criteria [*i.e.*, the live case or controversy requirement], the Court must dismiss the claim as non-justiciable regardless of a statutory grant of jurisdiction."  *3V, Inc. v. United States*, 23 CIT 1047, 1049, 83 F. Supp. 2d 1351, 1353 (1999) (citations omitted).

Here, Root Sciences' prayer for relief is comprised of the following substantive requests: "direct defendant to show cause why it has not made a determination of admissibility regarding the subject merchandise" and "direct Defendant to allow the entry

of the Subject Merchandise."  Compl., Prayer for Relief.  First, a "determination of admissibility regarding the subject merchandise" was made; second, Customs seized the merchandise because it is drug paraphernalia, the importation of which is prohibited.

As explained in the notice of seizure, once the goods have been seized, there are express procedures the importer must follow to obtain the release of the goods. Specifically, the importer can file a petition pursuant to 19 U.S.C. § 1618 and 19 C.F.R. § 171.1 seeking the return of any non-violating merchandise administratively.  Under these provisions, the importer may present any grounds for mitigation.  Alternatively, the importer can file a claim and cost bond requesting the referral of the matter to the United States Attorney for the institution of proceedings in a district court.  *See* 19 U.S.C. § 1608 and 19 C.F.R. § 162.47.  Through either procedure, the importer would be able to obtain review, challenge the seizure, and pursue the return of any merchandise determined through such procedures to be non-violating.

Therefore, this Court should dismiss the complaint because it fails to state a claim upon which relief can be granted because CBP made an admissibility determination, and as a result of the seizure, Root Sciences cannot obtain release of the merchandise at the CIT, which is the very relief it seeks.  Compl., Prayer for Relief.  Because Root Sciences cannot obtain the only substantive relief that it seeks, this action must also be dismissed for failure to state a claim for which relief can be granted.

**<u>CONCLUSION</u>**

For the foregoing reasons, this Court should grant the Government's motion to dismiss.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

JUSTIN R. MILLER
Attorney in Charge
International Trade Field Office

/s/ Aimee Lee
AIMEE LEE
Assistant Director

/s/ Guy R. Eddon
GUY R. EDDON
Trial Attorney
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza, Room 346
New York, New York 10278
(212) 264-9232 or 9230
*Attorneys for Defendant*

Of Counsel:
Mathias Rabinovitch
Alexandra Khrebtukova
Office of the Assistant Chief Counsel
International Trade Litigation
U.S. Customs and Border Protection

Dated:  April 23, 2021

## **CERTIFICATE OF COMPLIANCE**

I, Guy Eddon, an attorney in the Office of the Assistant Attorney General, Civil Division, Commercial Litigation Branch, International Trade Field Office, who is responsible for the Government's memorandum in support of defendant's motion to dismiss, dated April 23, 2021, relying upon the word count feature of the word processing program used to prepare the memorandum, certify that this memorandum complies with the word count limitation under the Court's chambers procedures, and contains 5,601 words.

/s/ Guy Eddon