UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. GARY S. KATZMANN, JUDGE

_____
                                    :
ROOT SCIENCES, LLC,                 :
                                    :
                       Plaintiff,   :    Court No. 21-00123
                                    :
          v.                        :
                                    :
UNITED STATES,                      :
                                    :
                       Defendant.   :
_____:

# **ORDER**

Upon reading plaintiff's application for an order to show cause, defendant's opposition thereto; upon other papers and proceedings had herein; it is hereby

ORDERED that plaintiff's motion be, and hereby is, denied.

_____
GARY S. KATZMANN, JUDGE

Dated: New York, New York
       This _____ day of _____, 2021

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. GARY S. KATZMANN, JUDGE
_____
                                        :
ROOT SCIENCES, LLC,                     :
                                        :
                Plaintiff,              :   Court No. 21-00123
                                        :
        v.                              :
                                        :
UNITED STATES,                          :
                                        :
                Defendant.              :
_____ :

**DEFENDANT'S OPPOSITION TO
PLAINTIFF'S APPLICATION FOR AN ORDER TO SHOW CAUSE**

Pursuant to the Court's Order of May 28, 2021 (ECF no. 35), defendant, United States (the Government), respectfully submits this response memorandum in opposition to Plaintiff's application for an order to show cause (ECF no. 16). Plaintiff's application must be denied because, for the reasons set forth in our pending motion to dismiss, the Court lacks jurisdiction. Def.'s Mot. To Dismiss (ECF no. 27). Furthermore, oral argument on our motion has been scheduled for June 30, 2021 (ECF no. 34).

Plaintiff, Root Sciences, LLC (Root Sciences), commenced this action to challenge an alleged deemed exclusion of one entry of drug paraphernalia. Pl.'s Mem. In Support Of Its Application For An Order To Show Cause at 2 (ECF no. 16-2). The merchandise at issue consists of a "hopper feed vessel" of the CryoEXS 400, an apparatus "designed for the recovery of cannabis crude extract from cannabis biomass." *Id*. at 2-3. Because, as explained in detail in our pending motion to dismiss, CBP determined that the subject merchandise was inadmissible as prohibited drug paraphernalia, and seized the merchandise before any deemed exclusion could attach, the

Court lacks 28 U.S.C. § 1581(a) jurisdiction over this action. *See* Def.'s Mot. To Dismiss. Alternately, the complaint is subject to dismissal because it fails to state a claim upon which this Court can grant relief. *Id.* In any event, Plaintiff's application for an order to show cause as to why an admissibility decision has not been reached must be denied, because an admissibility decision *has* been reached – U.S. Customs and Border Protection (CBP) determined that the merchandise is inadmissible as prohibited drug paraphernalia.

Plaintiff's memorandum in support of its application for an order to show cause contends that "since Defendant has failed to make an admissibility determination within the time provided by law, Plaintiff is entitled, pursuant to 19 U.S.C. § 1499(c)(5)(C),[1] to an order directing the Defendant to appear and show good cause why an admissibility determination has not been made." Pl.'s Mem. at 1; *see also* Pl.'s Mem. at 19. However, as explained in our pending motion to dismiss, CBP made an admissibility determination within the time provided by law before any deemed exclusion occurred. Def.'s Mot. To Dismiss at 9-11. The merchandise was determined to be inadmissible drug paraphernalia and, accordingly, the merchandise was seized pursuant to 19 U.S.C. § 1595a(c) for violation of 21 U.S.C. § 863(c). *Id*. The merchandise cannot be ordered released by this

---

[1] Section 1499(c)(5)(C) provides:

> Notwithstanding section 2639 of Title 28, once an action respecting a detention is commenced, unless the Customs Service establishes by a preponderance of the evidence that an admissibility decision has not been reached for good cause, the court shall grant the appropriate relief which may include, but is not limited to, an order to cancel the detention and release the merchandise.

Court because, as explained in our pending motion to dismiss, the merchandise was seized and this Court lacks jurisdiction over seized merchandise. *Id*. at 14.

Alternatively, should the Court deny our motion to dismiss, the Government will make every effort to work with plaintiff's counsel to agree to an expedited schedule. Any expedited schedule must allow sufficient time for fact discovery, unless Root Sciences stipulates that the only disputed legal issue is the exemption codified at 21 U.S.C. § 863(f)(1) (*i.e.*, that there is no factual dispute that the subject merchandise is drug paraphernalia as defined in 21 U.S.C. § 863(d)), and that the exemption codified in subsection (f)(2) is inapplicable (*i.e.*, that the entry at issue does not contain an "item that, in the normal lawful course of business, is imported, exported, transported, or sold through the mail or by any other means, and traditionally intended for use with tobacco products, including any pipe, paper, or accessory."). Finally, even if the Court were to determine that an exclusion occurred, the Court should still not order the merchandise released without a full opportunity for the parties to conduct fact discovery and brief the legal issues.

## CONCLUSION

For the foregoing reasons and those in our pending motion to dismiss, the Court should deny Root Sciences' application for an order to show cause, or, in the alternative, defer ruling on that application until the Court has ruled on defendant's pending motion to dismiss.

          Respectfully submitted,

          BRIAN M. BOYNTON
          Acting Assistant Attorney General

          JEANNE E. DAVIDSON
          Director

          JUSTIN R. MILLER
          Attorney in Charge
          International Trade Field Office

          /s/ Aimee Lee
          AIMEE LEE
          Assistant Director

          /s/ Guy R. Eddon
          GUY R. EDDON
          Trial Attorney
          Department of Justice, Civil Division
          Commercial Litigation Branch
          26 Federal Plaza, Room 346
          New York, New York 10278
          (212) 264-9232 or 9230
          *Attorneys for Defendant*

Of Counsel:
Mathias Rabinovitch
Alexandra Khrebtukova
Office of the Assistant Chief Counsel
International Trade Litigation
U.S. Customs and Border Protection

Dated: June 3, 2021

## CERTIFICATE OF COMPLIANCE

I, Guy Eddon, an attorney in the Office of the Assistant Attorney General, Civil Division, Commercial Litigation Branch, International Trade Field Office, who is responsible for the Government's opposition to plaintiff's application for an order to show cause, dated June 3, 2021, relying upon the word count feature of the word processing program used to prepare the brief, certify that this brief complies with the word count limitation under the Court's chambers procedures, and contains 710 words.

/s/ Guy Eddon