United States Court of International Trade
One Federal Plaza
New York, NY 10278



CHAMBERS OF
Gary S. Katzmann
JUDGE

June 16, 2021

Richard F. O'Neill
Neville Peterson, LLP
999 Third Avenue, Ste. 2525
Seattle, WA 98104

Guy R. Eddon
U.S. Department of Justice
International Trade Field Office
26 Federal Plaza, Room 346
New York, NY 10278

**Re:**   <u>Root Sciences, LLC v. United States</u>
          Court No.: 21-00123
          Questions for Oral Argument

Dear Counselors:

As you know, oral argument in this case will be held on Wednesday, June 30, 2021 at 11:00 a.m. in Courtroom 1 of the James L. Watson Courthouse of the United States Court of International Trade, One Federal Plaza, New York, NY 10278. Defendant United States and Plaintiff Root Sciences, LLC's counsel, John M. Peterson, have conveyed their intention to appear at the courthouse for oral argument. Plaintiff Root Sciences, LLC's Seattle counsel, Richard F. O'Neill, has indicated to the court that he will appear remotely via Webex. Should Mr. O'Neill wish to appear in person, he should notify my case manager, Geoff Goell, by Monday, June 28, 2021. Information on how the public can listen to open proceedings can be found on the court's website under "Upcoming Court Proceedings Accessible via Teleconference"(https://www.cit.uscourts.gov/upcoming-court-proceedings-accessible-teleconference). The argument, if public and not closed, will be recorded and made available to the public via the court's website. If you will be requesting a closed argument or portions of the argument, please inform my case manager, Geoffrey Goell, no later than close of business, Monday, June 28, 2021. The court encourages the parties to maintain a public argument, if possible.

The court has examined the parties' briefs and documents and would like counsel to submit answers in writing to the court's questions for oral argument by close of business on Monday, June 28, 2021. Parties shall file public and, if necessary, confidential versions of their answers, of not more than twenty pages. The oral argument shall be dedicated only to rebuttal arguments to the answers filed by opposing counsel on Monday, June 28, 2021. The court will also permit but not require brief opening statements. Presentations shall not exceed thirty (30) minutes for the plaintiff and thirty (30) minutes for the defendant.

## I.   Questions for Plaintiff Root Sciences, LLC

1. Does Plaintiff disagree with or challenge any aspect of the Government's presentation of facts or evidence offered in support of its motions?

    a. Specifically, the Government contends that the Merchandise here at issue was presented for examination to Customs and Border Patrol ("CBP") on January 11, 2021; the Merchandise was seized on February 10, 2021; notice of seizure, although not received by Plaintiff, was first sent on March 8, 2021; February 11, 2021, marks thirty days after the Merchandise was presented for examination; and March 12, 2021, marks sixty days after the Merchandise was presented for examination. Def.'s Mot. To Dismiss at 2–5, Apr. 23, 2021, ECF No. 28 ("Def.'s Br."); Def.'s Reply Mem. in Supp. of Mot. to Dismiss at 11, May 12, 2021, ECF No. 30 ("Def.'s Reply"). Does Plaintiff contest any of these dates?

2. Does Plaintiff contend that a communicated seizure would have prevented a deemed exclusion from occurring? See Pl.'s Br. in Opp'n to Def.'s Mot. To Dismiss at 15, Apr. 30, 2021, ECF No. 29 ("Pl.'s Br.") ("An Uncommunicated Seizure Does Not Prevent a 'Deemed Exclusion' From Occurring").

    a. If so, does Plaintiff contend that seizure will prevent a deemed exclusion from occurring if and only if the notice of seizure is sent and/or received within thirty days of the merchandise at issue being presented for examination? What authorities support your answer?

3. Plaintiff asserts that "[a] seizure can be undertaken completely independent of, and without regard to, any determination of admissibility." Pl.'s Br. at 16. Does Plaintiff here contend that a seizure of merchandise, communicated or not, has no effect on whether a deemed exclusion occurs?

    a. How does Plaintiff reconcile this assertion with the court's finding in CDCOM (U.S.A.) International, Inc. v. United States, 21 CIT 435, 438–39, 963 F. Supp. 1214, 1217 (1997), that "[CBP] made an admissibility determination within the thirty-day statutory period required under 19 U.S.C. § 1499(c)(5)(A), declaring both shipments of the subject merchandise 'seized'"? See also id. at 1217 n.7 ("Under 19 U.S.C. § 1499(c)(5)(A), since both seizures occurred within thirty

        days of the presentation for examination, the merchandise was never deemed excluded." (citation omitted)).

4. Plaintiff argues that the effective date of seizure should be, at the earliest, the date of Notice, i.e., March 8, 2021. Pl.'s Br. at 9, 12. If seizures and exclusions can co-exist, what relevance to the disposition of this case does the effective date of seizure have on this case?

    a. Defendant contends that even if the date of notice of seizure controls, i.e., March 8, 2021, the court still lacks jurisdiction because the merchandise was seized within sixty days of it being presented for examination on January 11, 2021. Def.'s Reply at 9–11 (citing, e.g., H.R. Rep. 103–361, pt. 1, at 111–12 (1993), as reprinted in 1993 U.S.C.C.A.N. 2552, 2661–63). How does Plaintiff respond to this argument?

5. In Tempco Marketing v. United States, 21 CIT 191, 194, 957 F. Supp. 1276, 1279 (1997), the court held that, with respect to the second of three entries at issue in that case, "[s]ince the seizure occurred within thirty days of the presentation for examination, the merchandise was never deemed excluded pursuant to 19 U.S.C. § 1499(c)(5)(A)." In that case, the court used the date of actual seizure, not the date of notice of seizure, which was issued after the elapse of the thirty days following presentation of the merchandise. What, if anything, distinguishes that holding from the present case?

6. How does Plaintiff respond to Defendant's argument that giving a seizure legal effect only upon the issuance or receipt of notice would "curtail the statutory timeframe that Congress provided for CBP to make its admissibility decisions" and "interfere with potential criminal enforcement or prosecution by the U.S. Attorney"? Def.'s Reply at 9.

7. Please explain in more detail if and how each of the four factors regarding the nature of CBP's action supports the argument that Plaintiff has challenged an exclusion, and not a seizure. See, e.g., Blink Design, Inc. v. United States, 38 CIT __, __, 986 F. Supp. 2d 1348, 1360 (2014); CDCOM (U.S.A.) Int'l, 963 F. Supp. at 1216–18.

8. What authority supports the contention that CBP's automated email regarding the deemed denial of the protest, equates to a concession by the Government of the operative facts in this case? Pl.'s Br. at 8. Why doesn't the Government's presentation of evidence regarding the seizure overcome the presumption of regularity for that notice? Id. at 9–10 n.4.

9. Has Plaintiff initiated another action in federal district court or at the administrative level concerning the seized goods?

10. Upon what authority could the court order the release of goods seized by CBP? See Pl.'s Br. at 26 ("[N]otwithstanding the Notice of Seizure, the [c]ourt is empowered

        to order release of goods back to Plaintiff."). Does Plaintiff contend that the court may order CBP to reverse its decision to seize the goods?

11. What cases and authorities best support your argument?

12. Are there any recent or pending Federal Circuit or CIT cases that may affect the court's analysis?

## II. Questions for Defendant the United States ("Government")

1. Does the Government disagree with or challenge any aspect of Plaintiff's presentation of facts or the evidence offered in support of its motions?

    a. Specifically, Plaintiff contends that "nothing available to Plaintiff reflected that the merchandise had been seized." Pl.'s Br. at 15. And, further, that "Plaintiff could have done nothing more to learn about the alleged administrative seizure in advance of bringing this exclusion case." Id. at 15 n.6. Does the Government challenge either of these assertions?

2. Plaintiff argues that "nothing in the [relevant] statute suggests that an uncommunicated seizure prevents a 'deemed exclusion' from occurring." Id. at 15. What, if any, legal consequence is there for Plaintiff's non-receipt of the notice of seizure? See id. at 14.

    a. Does an uncommunicated seizure equate to an ousting of the court's jurisdiction by agency action as Plaintiff contends? Id. at 7–8.

3. Please explain the process by which goods can be seized by CBP and yet that seizure would not have been communicated throughout the agency such that a conflicting record update and notice could be sent out. See Def.'s Br. at 6. Was the "inaccurate belief" regarding the exclusion and protest on the part of a CBP agent or officer? Id.

4. How does the Government respond to Plaintiff's argument that the notice sent by CBP stating that Plaintiff's protest was deemed denied by operation of law on March 20, 2021, is "entitled to a presumption of regularity"? Pl.'s Br. at 9 n.4. Does CBP's email bear any legal consequence in this case?

    a. Why can't Plaintiff or other similarly situated parties rely on those CBP communications?

5. What authorities govern the notice requirements for CBP to communicate a seizure to an importer? Could CBP effectively seize goods without ever issuing a notice to the importer or responding to the importer's attempts to communicate with CBP about those goods?

6. Of the four factors used to determine whether Plaintiff has challenged a seizure instead of an exclusion, the second factor is whether "the plaintiff received a notice of seizure from [CBP]." See, e.g., Blink Design, Inc., 986 F. Supp. 2d at 1360. Given that Plaintiff did not receive the notice of seizure and was unaware of the seizure until after it commenced this action, does the Government contend that Plaintiff's protest should nevertheless be deemed a protest of seizure outside of the court's jurisdiction? See CDCOM (U.S.A.) Int'l, 963 F. Supp. at 1218 (holding that "since Plaintiff's protest is deemed a protest of a seizure, it is not a 'valid' protest for purposes of § 1514(a), and, therefore, the matter is not appealable to this [c]ourt.").

7. In Blink Design, the court relied on the date CBP sent notice of seizure, rather than the date of actual seizure "to determine whether an entry was deemed excluded prior to seizure." 986 F. Supp. 2d at 1357. Why should the court not do the same in this case?

8. Assuming arguendo that the court applies the reasoning of Blink Design and concludes that a deemed exclusion occurred prior to the effective date of seizure, i.e. the date notice was sent on March 8, 2021, would the court properly have jurisdiction over, at least, Plaintiff's denied protests? See 986 F. Supp. 2d at 1359, 1361 (finding that "[CBP] uniformly seized the imported the merchandise, and provided notice of that seizure, within sixty days of the presentation for examination of that merchandise," but nevertheless holding that it retained jurisdiction over denied protests).

   a. If the court does find it has jurisdiction over any deemed exclusion in this case, should the court stay the case pending a result from the district court or an administrative procedure, as the court did in Blink Design, 986 F. Supp. 2d at 1362?

9. What cases and authorities best support your argument?

10. Are there any recent or pending Federal Circuit or CIT cases that may affect the court's analysis?

Sincerely,

/s/ *Gary* S. *Katzmann*
Gary S. Katzmann
Judge
