Slip Op. 22-20

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| ROOT SCIENCES, LLC,<br><br>                     Plaintiff,<br>     v.<br><br>THE UNITED STATES,<br><br>                     Defendant. | Before: Gary S. Katzmann, Judge<br>Court No. 21-00123 |

### OPINION

[Motion for reconsideration denied.]

Dated: March 15, 2022

Richard F. O'Neill, Neville Peterson LLP, of Seattle, WA, for Plaintiff Root Sciences LLC. With him on the briefs were John M. Peterson, of New York, N.Y., and Patrick B. Klein.

Guy R. Eddon, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of New York, N.Y., for Defendant United States. With him on the brief were Brian M. Boynton, Acting Assistant Attorney General, Patricia M. McCarthy, Director, Justin R. Miller, Attorney in Charge, International Trade Field Office, Aimee Lee, Assistant Director. Of Counsel on the brief were Mathias Rabinovitch and Alexandra Khrebtukova, Office of the Assistant Chief Counsel for International Trade Litigation, U.S. Customs and Border Protection, of New York, N.Y.

      Katzmann, Judge:  Before the court is Root Sciences, LLC's ("Plaintiff" or "Root Sciences") motion, pursuant to Rules 7 and 59 of the Rules of the United States Court of International Trade, for reconsideration of Root Sciences, LLC v. United States, 45 CIT __, 543 F. Supp. 3d 1358 (2021) on the grounds that the court erred as a matter of law in dismissing the case for lack of subject matter jurisdiction.  Pl.'s Mot. for Rehearing & Br. Supp. Mot. for Rehearing, Nov. 8, 2021, ECF No. 47 ("Pl.'s Mot." and "Pl.'s Br.", respectively).  Because Plaintiff's motion, amounts to nothing more than a disagreement with the court's reasoning on

matters fully litigated, devoid of showing manifest error, it is insufficient to warrant reconsideration and is denied.

Whether to grant reconsideration is a matter within the court's discretion. See Entergy Nuclear FitzPatrick, LLC v. United States, 711 F. 3d 1382, 1386 (Fed. Cir. 2013) (citing Yuba Natural Res., Inc. v. United States, 904 F.2d 1577, 1583 (Fed. Cir. 1990)). While correcting clear legal error comprises one of the bases to grant a motion for reconsideration, see Biery v. United States, 818 F.3d 704, 711 (Fed. Cir. 2016); see also Ford Motor Co. v. United States, 30 CIT 1587, 1588, 2006 WL 2789856 at *1 (2006), such motions are not an opportunity for the losing party to relitigate the case, see Golden Bridge Tech., Inc. v. Apple Inc., 758 F.3d 1362, 1369 (Fed. Cir. 2014); see also Totes-Isotoner Corp. v. United States, 32 CIT 1172, 1173, 580 F. Supp. 2d 1371, 1374 (2008). "[A] court should not disturb its prior decision unless it is 'manifestly erroneous,'" Marvin Furniture (Shanghai) Co. v. United States, 37 CIT 65, 66, 899 F. Supp. 2d 1352, 1353 (2013); see also Golden Bridge Tech., 758 F.3d at 1369.

The court earlier concluded that the seizure of Root Sciences' subject merchandise by Customs and Border Protection ("CBP") under 19 U.S.C. § 1499(c)(4) precluded the operation of a "deemed exclusion" under section 1499(c)(5) such that this court lacked subject matter jurisdiction. Root Sciences, 543 F. Supp. 3d at 1369. In its motion for reconsideration, Plaintiff contends that the court committed an error of law in so deciding to the extent that the opinion creates a non-statutory basis for the termination of and/or tolls the 30-day "deemed exclusion" period of section 1499(c)(5)(A). Pl.'s Br. at 7–14. The court's decision does neither, as the court held that section 1499(c)(5) is inapposite in light of the circumstances of CBP's seizure.

The court further notes that Plaintiff's disagreement with this statutory construction was already fully briefed, see, e.g., Pl.'s Resp. to June 16, 2021 Questions for Oral Arg. at 11, June 28,

2021, ECF No. 40 ("Nothing in the statute, CBP's regulations, or judicial precedent suggests that the seizure of a product by CBP somehow terminates the statutory process set out in 19 U.S.C. § 1499."), and considered and rejected, see 543 F. Supp. 3d at 1369 (concluding that "the best reading of the statute . . . is that[] when section 1499(c)(4) is invoked via a seizure of the subject merchandise within thirty days of that merchandise's presentation for examination, the mechanism of deemed exclusion embodied in section 1499(c)(5) is inapplicable.").

As Root Sciences merely disagrees with the court's statutory interpretation without proving any "manifest error," the court declines to disturb its prior decision.

For the foregoing reasons, it is

**ORDERED** that Plaintiffs' motion to reconsider is denied.

**SO ORDERED.**

                                                       /s/ Gary S. Katzmann
                                                       Gary S. Katzmann, Judge

Dated: March 15, 2022
       New York, New York